UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Anthony Posey,<br><br>                    Plaintiff,<br><br>  v.<br><br>Officer C. Perez, et al.,<br><br>                    Defendants. | Case No. 2:24-cv-01675-CDS-DJA<br><br>**Report and Recommendation** |

      Southern Desert Correctional Center inmate, Plaintiff Anthony Posey, submitted an application to proceed *in forma pauperis* and a complaint. (ECF Nos. 4, 5). The Court screens Plaintiff's complaint and recommends dismissing it without leave to amend because Plaintiff's claims are better brought through a habeas corpus, and not a civil rights, action. Because the Court recommends dismissing Plaintiff's complaint without leave to amend, it also recommends denying Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) as moot.

**I.**    ***In forma pauperis* application.**

      Plaintiff has filed the forms required to proceed *in forma pauperis*. (ECF No. 4). Plaintiff's forms are complete and Plaintiff has shown an inability to prepay fees and costs or give security for them. However, as outlined more fully below, upon screening Plaintiff's complaint, the Court finds that dismissal without leave to amend is appropriate. So, the Court will recommend denying Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) as moot.

**II.**    **Legal standard for screening.**

      Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a

federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**III.     Screening Plaintiff's complaint.**

Plaintiff sues his attorney in his state-court criminal case, Todd Leventhal; the Las Vegas Metropolitan Police Department ("LVMPD") Chief, John Doe; Instagram.com; the State of Nevada; LVMPD Officer C. Perez; LVMPD Detective C. Savino; LVMPD Detective M. Moore; and LVMPD Detective B. Lablane for damages. Plaintiff brings various claims related to his state-court conviction and the traffic stop, arrest, investigation, and criminal court proceeding leading up to it. However, Plaintiff's claims are better brought through a habeas corpus, and not a civil rights, action, because they challenge Plaintiff's state-court conviction.

42 U.S.C. § 1983—the civil rights statute under which Plaintiff has brought his claims—aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000)). The statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and is "merely . . . the procedural device for enforcing substantive provisions of the Constitution and federal statutes." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Claims under § 1983 require the plaintiff to allege (1) the violation of a federally-protected right by (2) a person or official who acts under the color of state law. *Anderson*, 451 F.3d at 1067.

However, § 1983 is not a backdoor through which a federal court may overturn a state court conviction or award relief related to the fact or duration of a sentence. Section 1983 and "the federal habeas corpus statute . . . both provide access to the federal courts 'for claims of

unconstitutional treatment at the hands of state officials, . . . [but] they differ in their scope and operation.'" *Ramirez v. Galaza*, 334 F.3d 850, 854 (9th Cir. 2003) (quoting *Heck v. Humphrey*, 512 U.S. 477, 48 (1994)). Federal courts must take care to prevent prisoners from relying on § 1983 to subvert the differing procedural requirements of habeas corpus proceedings under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *Simpson v. Thomas*, 528 F.3d 685, 695 (9th Cir. 2008).

When a prisoner challenges the legality or duration of his custody, raises a constitutional challenge which could entitle him to an earlier release, or seeks damages for purported deficiencies in his state court criminal case, which effected a conviction or lengthier sentence, his sole federal remedy is a writ of habeas corpus. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck*, 512 U.S. at 481; *Wolf v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Simpson*, 528 F.3d at 692-93. Stated differently, where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

It appears that Plaintiff is challenging the constitutionality of his state court criminal conviction. Plaintiff claims that LVMPD Officers and Detectives violated his rights in conducting the traffic stop, arrest, and investigation that ultimately resulted in Plaintiff's conviction. Plaintiff alleges that Instagram.com improperly turned Plaintiff's information over to law enforcement during that investigation. And Plaintiff alleges that his defense attorney failed to raise certain defenses and obtain certain evidence that would have exculpated Plaintiff.

However, a finding that LVMPD Officers and Detectives improperly obtained evidence from Instagram and other sources to support Plaintiff's conviction following an illegal stop, an illegal search or seizure, and an unreasonable arrest would necessarily imply that Plaintiff's conviction was invalid. *Herring v. United States*, 555 U.S. 135, 139 (2009) (explaining the "exclusionary rule," which, when applicable, "forbids the use of improperly obtained evidence at trial."). Similarly, a finding that Leventhal rendered ineffective assistance of counsel would necessarily imply the invalidity of Plaintiff's conviction. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) (explaining that, for a criminal defendant to show ineffective assistance of

counsel, they must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."). Consequently, Plaintiff must demonstrate that his conviction has been overturned to proceed in an action under § 1983. As he has not done so, his sole relief for his claims is a habeas corpus action. The Court thus recommends dismissing Plaintiff's complaint without leave to amend.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) be **denied as moot.** The Clerk of Court is kindly directed to send Plaintiff a copy of this report and recommendation.

**IT IS FURTHER RECOMMENDED** that Plaintiff's complaint (ECF No. 5) be **dismissed without leave to amend.**

### NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: September 30, 2024

 

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE