UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Anthony Posey,<br><br>                    Plaintiff<br><br> v.<br><br> Officer C. Perez, et al.,<br><br>                    Defendants | Case No.: 2:24-cv-01675-CDS-DJA<br><br>**Order Overruling Objections in Part and Adopting in Part the Magistrate Judge's Report and Recommendation**<br><br>[ECF Nos. 7, 9] |

Anthony Posey, an inmate in the custody of the Nevada Department of Corrections, brings this action under 42 U.S.C. § 1983 against attorney Todd Leventhal, Instagram.com, the State of Nevada, Chief of the Las Vegas Metropolitan Police Department, and several officers. Compl., ECF No. 5. Magistrate Judge Daniel J. Albregts screened Posey's complaint and issued a report and recommendation (R&R) that I dismiss the complaint without leave to amend. R&R, ECF No. 7. Judge Albregts determined that Posey is essentially challenging the constitutionality of his state court criminal conviction. *Id.* at 4. Because Posey has not demonstrated that the conviction has been overturned, Judge Albregts found that he may not proceed with an action under § 1983 because his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Id.* at 4–5. In objecting to Judge Albregts's finding, Posey argues, in part, that his claims are not barred by the *Heck* doctrine because the charges giving rise to his claims were dismissed in state court. Obj., ECF No. 9[1] at 3–4. After conducting a de novo review, I sustain in part and overrule in part Posey's objection.

---

[1] Posey's first and second objections set forth the legal standard for service under Federal Rule of Civil Procedure 4 and present the elements of 42 U.S.C. § 1983. ECF No. 9 at 3–4. The only proper purpose of an objection to an R&R is to identify a specific defect of law, fact, or logic in the magistrate judge's analysis. Because these objections do not specifically challenge Judge Albregts's findings, I decline to review them de novo. Fed. R. Civ. P. 72(b)(2), (3) (requiring an objecting party to file "specific written objections" and only requiring the district judge to review decisions of the magistrate judge that have been "properly objected to.").

### I.     Legal standard

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

A magistrate judge's order should only be set aside if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014).

### II.    Discussion

In his complaint, Posey brings claims related to an incident on December 25, 2020 (ECF No. 5 at 5–17), an arrest on May 14, 2021 (*id.* at 18–26), and allegations of ineffective assistance of counsel leading to his conviction (*id.* at 27–32). After screening the complaint, Judge Albregts recommends dismissing Posey's claims without leave to amend because the complaint "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." ECF No. 7 at 4 (quoting *Heck*, 512 U.S. at 487). In *Heck*, the Supreme Court held that a plaintiff who was convicted of a crime is barred from bringing civil rights claims if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. *Heck*, 512 U.S. at 487. However, the Court added that "if the district court determines that the plaintiff's action even if successful, will *not* demonstrate the invalidity of any outstanding

2

criminal judgment against the plaintiff, the action should [] proceed, in the absence of some other bar to the suit." *Id.* (emphasis in original) (cleaned up).

### A. Posey's objections

Posey objects to the R&R's finding that his claims are barred by the *Heck* doctrine arguing that: (1) the state indictment was dismissed; (2) his appeals to the Supreme Court of Nevada, and his pending petitions for writ of habeas corpus, could reverse his conviction; (3) he will eventually be released from custody; (4) the "split verdict" renders *Heck* inapposite; and (5) the application of *Heck* causes prejudice. ECF No. 9 at 3–4.

#### 1. *Dismissal of the state indictment.*

Posey objects to the dismissal of his claims under *Heck* because "the dismissal of the state indictment in 5/22/2022 was a termination in his favor." *Id.* at 3; Pl.'s Ex. 1, ECF No. 9 at 7. A court can take judicial notice of material that is referenced extensively or relied upon by the complaint, as well as matters in the public record. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *see also Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002) (courts may take judicial notice of documents on file in federal or state courts). As the disposition of the criminal case forms the basis of Posey's objection and is a public record, I take judicial notice of *State of Nevada vs. Anthony Posey*, Case No. C-21-355585-1. ECF No. 9 at 3. The public docket of criminal case number C-21-355585-1 reveals that the case was dismissed on August 9, 2021.[2] The absence of a criminal judgment here renders *Heck* inapplicable because the plain language of the decision requires the existence of a conviction for a § 1983 suit to be barred. *Heck*, 512 U.S. at 487. Therefore, I find that Judge Albregts's recommendation to dismiss claim one was clearly erroneous as it should not have been dismissed under the *Heck* doctrine. I thus sustain the objection and reject that portion of the report and recommendation.

---

[2] Eighth Judicial District Court, *State of Nevada vs. Anthony Posey*, Case No. C-21-355585-1. The case was statistically closed on May 22, 2022.
https://www.clarkcountycourts.us/Portal/Home/WorkspaceMode?p=0 (last accessed on November 25, 2024).

However, taking judicial notice of *State of Nevada vs. Anthony Posey*, Case No. C-21-356678-1, which form the bases of claims two and three, the public docket shows that Posey was represented by attorney Todd Leventhal, entered a guilty plea, and a judgment of conviction was entered on September 20, 2021.[3] A plain reading of Posey's claims demonstrate that they are based upon allegations that he was wrongfully arrested and then coerced into pleading guilty, which is an indirect challenge attacking the validity of his criminal judgment. A judgment in Posey's favor on these claims would imply the invalidity of his sentence—and Posey has not demonstrated that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. So I overrule Posey's objection and accept Judge Albregts's finding that the *Heck* doctrine is applicable to these claims.

### 2. *Posey's appeals could reverse his conviction.*

Posey asserts that his pending motions before the Supreme Court of Nevada and his petitions for writ of habeas corpus could reverse his conviction. ECF No. 9 at 4. This argument is pure speculation. Posey has failed to provide any evidence that his conviction *was* "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487. Under Federal Rule of Civil Procedure 72(b)(3), I am permitted to overrule the objection without further analysis, which I do here.

### 3. *Posey will eventually be released from custody.*

Here, Posey contends that he "will eventually be released from custody or PED 5/11/25". ECF No. 9 at 4. This objection does not require de novo review. "While the Ninth Circuit has

---

[3] Las Vegas Justice Court, *State of Nevada vs. Posey, Anthony*, Case No. 21-CR-023005. DA Request for Prosecution 05/14/2021. https://lvjcpa.clarkcountynv.gov/Anonymous/CaseDetail.aspx?CaseID=13494383 (last accessed on November 25, 2024); Eighth Judicial District Court, *State of Nevada vs. Anthony Posey*, Case No. C- 21-356678-1. https://www.clarkcountycourts.us/Portal/Home/WorkspaceMode?p=0#top (last accessed on November 25, 2024).

not yet considered the effect of generalized, blanket, or conclusory objections, several other circuits have held that they do not trigger de novo review." *Rew v. Borders*, 2019 U.S. Dist. LEXIS 98110, at *2–3 (S.D. Cal. June 10, 2019) (collecting cases). Moreover, any party wishing to object to a magistrate judge's findings and recommendations must file specific written objections with supporting points and authorities. Local Rule IB 3-2(a). Posey fails to cite supporting points and authorities, so this objection is overruled.

### 4. The "split verdict" renders Heck inapposite.

In this portion of Posey's objection, he argues that "the 'split verdict' renders *Heck* inapposite, although a 'split verdict' can render the *Heck* bar inapplicable in some circumstances." ECF No. 9 at 4. Posey cites *Dunham v. City of New York*, 295 F. Supp. 3d 319 (S.D.N.Y. 2018) in support of this argument. *Id.* Although a 'split verdict' can render the *Heck* bar inapplicable in some circumstances, those circumstances, nor circumstances like those in the *Dunham* case, are applicable here. And unlike *Dunham*, Posey's criminal proceeding[4] was not terminated in his favor. Accordingly, I overrule this objection.

### 5. The application of Heck causes prejudice.

Posey's last objection merely asserts that the application of *Heck* causes prejudice. ECF No. 9 at 4. As previously noted, this objection does not require de novo review. Any party wishing to object to a magistrate judge's findings and recommendations must file specific written objections with supporting points and authorities. Local Rule IB 3-2(a). "While the Ninth Circuit has not yet considered the effect of generalized, blanket, or conclusory objections, several other circuits have held that they do not trigger de novo review." *Rew*, 2019 U.S. Dist. LEXIS 98110. Posey fails to cite supporting points and authorities, so this objection is overruled without de novo review.

---

[4] *See State of Nevada vs. Anthony Posey*, Case No. C-21-356678-1.

III.     Conclusion

IT IS HERBY ORDERED that Posey's objection **[ECF No. 9] is SUSTAINED in part** and **OVERRULED in part**, therefore the magistrate judge's report and recommendation **[ECF No. 7] is ADOPTED in part**. The magistrate judge is directed to rescreen claim one of the original complaint under 28 U.S.C. § 1915(e) and issue an amended screening order in the normal course.

Dated: December 3, 2024

_____
Cristina D. Silva
United States District Judge