UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Anthony Posey,<br><br>　　　　　　Plaintiff<br><br>v.<br><br>Officer C. Perez, et al.,<br><br>　　　　　　Defendants | Case No.: 2:24-cv-01675-CDS-DJA<br><br>**Order Overruling Plaintiff's Objection<br>and Adopting the Magistrate Judge's<br>Report and Recommendation**<br><br>[ECF Nos. 11, 12] |

　　　　Anthony Posey, previously an inmate in the custody of the Nevada Department of Corrections, brings this civil rights action under 42 U.S.C. § 1983.[1] In September 2024, United States Magistrate Judge Daniel J. Albregts screened Posey's complaint and issued a report and recommendation (R&R) that I dismiss the complaint without leave to amend because Posey's claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). R&R, ECF No. 7. Posey objected, arguing that his claims were not barred by the *Heck* doctrine because the charges giving rise to his claims were dismissed in state court. Obj., ECF No. 9. After conducting a de novo review, I sustained in part Posey's objection. Order, ECF No. 10. I found that dismissal of claim one under *Heck* was erroneous, *id.* at 3, so I directed the magistrate judge to rescreen claim one and issue an amended screening order. *Id.* at 6. Judge Albregts rescreened Posey's complaint and now recommends that I dismiss some of Posey's claims with leave to amend and dismiss other claims without leave to amend. R&R, ECF No. 11. Posey objects to these recommendations. Obj., ECF No. 12.

**I.　　Legal standard**

　　　　"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §

---

[1] Posey provided a notice of change of address which indicates that he was released from the Southern Detention Correctional Center. ECF No. 18.

636(b)(1). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." A magistrate judge's order should only be set aside if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014).

## II.   Discussion

Posey raises five objections. ECF No. 12. The purpose of an objection to an R&R is to identify a specific defect of law, fact, or logic in the magistrate judge's analysis. Here, none of Posey's objections challenge the R&R's findings and conclusions or identify specific errors in it. "While the Ninth Circuit has not yet considered the effect of generalized, blanket, or conclusory objections, several other circuits have held that they do not trigger de novo review." *Rew v. Borders*, 2019 U.S. Dist. LEXIS 98110, at *2–3 (S.D. Cal. June 10, 2019) (collecting cases). Out of an abundance of caution, however, I will address each of Posey's objections.

Initially, Posey discusses how he has "learned to overcome the bar[] of *Heck v. Humphrey*," ECF No. 12 at 2–3, and seeks to "replace or exchange" claims, *id* at 3. I decline to review this portion de novo. Fed. R. Civ. P. 72(b)(2)–(3) (requiring an objecting party to file "specific written objections" and only requiring the district judge to review decisions of the magistrate judge that have been "properly objected to"). This is an improper motion to amend the complaint via objections to an R&R,[2] so the request is denied.

Second, Posey "would like to address his First Amendment free speech claim." ECF No. 12 at 10. But he does not identify any error in the R&R's analysis or argue that the R&R

---

[2] This District's Local Rules requires that "for each type of relief requested . . . a separate document must be filed, and a separate event must be selected for that document." LR IC 2-2.

misapplied the law in support of its conclusion that he "has not identified the speech in question" and thus "has not alleged how Detectives Savino and Moore have violated his First Amendment freedom of speech rights." *Id.* I therefore overrule this objection.

Posey's third and fourth objections suffer the same defect. Although Posey cites *Florida v. Wells*, 495 U.S. 1 (1990), in his third objection, he merely argues that his phone was searched as "a general rummaging in order to discover incriminating evidence." ECF No. 12 at 4. As to his fourth objection, Posey alleges that the detectives and Instagram "had accessed his communications." *Id.* Neither of these arguments identify any error in the R&R's analysis or argue that the R&R misapplied the law to those claims. So I find no error, so his objections are overruled.

Last, Posey addresses his 18 U.S.C. § 2701 claim. *Id.* at 5. This objection fares no better. Here again he seemingly seeks to add claims for false advertisements and defamation, arguing that the detectives' "false statements . . . intentionally defraud the true story" and they "damage[d] his business." *Id.* Posey's arguments merely improperly advance new allegations, arguments, or attempts to amend the complaint. They do not however point out any error in the R&R's analysis, and I find none. So I overrule this objection, as well.

### III.    Conclusion

It is hereby ordered that the magistrate judge's report and recommendation **[ECF No. 11] is accepted and adopted in full**, and Posey's objection **[ECF No. 12] is overruled**.

It is further ordered that the following claims are dismissed with leave to amend:

- Posey's First Amendment freedom of speech claim.
- Posey's Fourth Amendment unreasonable search and seizure claim.
- Posey's Fourteenth Amendment due process claims.
- Posey's Computer Fraud and Abuse Act, 18 U.S.C. § 1030 claim.
- Posey's Wiretap Act, 18 U.S.C. § 2511 claim.
- Posey's Electronic Communications Protection Act, 18 U.S.C. § 2523 claim.

- Posey's Controlling the Assault of Non-Solicited Pornography and Marketing Act, 15 U.S.C. § 7707 claim.
- Posey's Nevada Revised Statute § 207.190 claim.
- Posey's Stored Communications Act, 18 U.S.C. § 2701 claim.

It is further ordered that the following claims are dismissed without leave to amend:

- Posey's claims against the State of Nevada.
- Posey's claims brought on A.J.'s behalf.
- Posey's Fifth Amendment due process claim.
- Posey's Eighth Amendment cruel and unusual punishment claim.
- Posey's Electronic Communications Protection Act, 18 U.S.C. § 2510 claim.
- Posey's Federal Trade Commission Act, 15 U.S.C. § 52 and § 54 claims.
- Posey's Nevada Revised Statute § 179.045 claim.

If Posey elects to file an amended complaint, he is advised that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). This means Posey's amended complaint must contain all claims, defendants, and factual allegations related to the claims on which Posey was granted leave to amend in this order. **Posey cannot assert new claims or defendants, nor can he reassert the claims dismissed without leave to amend in this order.** If Posey chooses to file an amended complaint that complies with Judge Albregts's order and recommendations, he must do so no later than January 12, 2026. Failure to do so will result in dismissal of this case without further notice.

Dated: December 15, 2025

_____
Cristina D. Silva
United States District Judge