UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Anthony Posey,<br><br>                    Plaintiff<br><br>v.<br><br>C. Perez, et al.,<br><br>                    Defendants | Case No. 2:24-cv-01675-CDS-DJA<br><br>**Order Dismissing and<br>Closing Case** |

Plaintiff Anthony Posey brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered during a traffic stop and an arrest, and as a result of ineffective assistance of counsel. Compl., ECF No. 5. In December 2025, I accepted the magistrate judge's report and recommendation and ordered Posey to file an amended complaint by January 12, 2026. R&R, ECF No. 11; Order, ECF No. 19. I warned Posey that the action would be dismissed if he failed to file an amended complaint by that deadline. *Id.* at 4. That deadline passed, and Posey did not file a second amended complaint, move for an extension of time, or otherwise respond.

I.      Discussion

"If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action." *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) (citing *Yourish v. Cal. Amplifier*, 191 F.3d 983, 991–92 (9th Cir. 1999)). Rule 41(b) of the Federal Rules of Civil Procedure provides that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Yet the court may act on its own accord in exercising this authority. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (approving sua sponte dismissals under Rule 41(b)); *see also Link v. Wabash R. Co.*, 370 U.S.

626, 630–31 (1962) (interpreting the rule to permit courts to dismiss actions sua sponte for a plaintiff's failure to comply with the court's orders).

The Ninth Circuit has instructed courts to consider the following factors in determining whether to dismiss an action for failure to comply with the court's order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." *Yourish*, 191 F.3d at 992 (affirming dismissal for failure to timely file an amended complaint, applying the five factors).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal. The Ninth Circuit has held that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.* In cases like this one, where a case is delayed by a party's failure to comply with deadlines, the case cannot move forward toward resolution on the merits. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). For that reason, "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Here, Posey has delayed further adjudication of his claims by failing to timely amend his complaint so there is currently no operative complaint on file. This case cannot proceed without Posey's compliance, and it cannot simply remain idle on the court's docket, unprosecuted.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal. Although the mere pendency of a lawsuit cannot constitute sufficient prejudice to require dismissal, "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 400–01 (9th Cir. 1998)). A plaintiff has the burden of demonstrating a non-frivolous reason for failing to meet a court deadline. *Laurino*, 279 F.3d at 753. Posey has not provided an explanation, non-frivolous or otherwise, for his failure to file an amended complaint.

2

The fourth factor, the public policy favoring disposition of cases on their merits, always weighs against dismissal. Posey was given an opportunity to amend his complaint to cure the deficiencies identified by the magistrate judge, but he failed to do so. Without an operative complaint, the claims cannot be decided on the merits; therefore, I find that the fourth factor is outweighed by the factors in favor of dismissal.

The fifth factor, the availability of less drastic sanctions, also weighs in favor of dismissal. Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (citing *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981)). A court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Posey was provided adequate warning that dismissal would result from noncompliance with the court's order. ECF No. 19 at 4. Posey's decision not to amend leaves the court with two alternatives: dismiss the action or leave it pending indefinitely without an operative complaint. There is thus no lesser alternative, so the fifth factor favors dismissal.

II.      Conclusion

Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Posey's failure to file an amended complaint in compliance with my December 15, 2025 order.

The Clerk of Court is directed to enter judgment accordingly and to close this case. No other documents may be filed in this now-closed case. If Posey wishes to pursue his claims, he must file a complaint in a new case.

Dated: January 22, 2026

_____
Cristina D. Silva
United States District Judge

3